PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2007 Pontiac Grand Prix struck a hole as Kelly D. Hughes was driving on Ashton Upland Road in Ashton, Mason County. Ashton Upland Road, designated as County Route 41, is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at 3:3 5 p.m. on November 4, 2008. County Route 41 is a paved, two-lane road with white edge lines and yellow *152 center lines, and the speed limit is thirty-five miles per hour. Kelly Hughes was traveling on County Route 41 at approximately thirty-five miles per hour when her vehicle struck a hole in the road that was approximately three feet long, eighteen inches wide, and between three and four inches deep. She was unable to avoid the hole due to oncoming traffic. Ms. Hughes testified that she travels this road often. She stated that there are holes all over County Route 41, but she had never noticed the hole in question prior to this incident. As a result, Claimants’ vehicle sustained damage to one tire and two rims in the amount of $1,908.42. Since Claimants’ insurance deductible was $500.00, Claimants’ recovery is limited to that amount.
The position of the Respondent is that it did not have actual or constructive notice of the condition on County Route 41. Brian Herdman, presently the County Administrator for Respondent in Mason County, testified that at the time of this incident, he was the Crew Supervisor for Respondent in Mason County. He stated that County Route 41 is a secondary road in terms of its maintenance. Mr. Flerdman testified that Respondent did not have knowledge of the pothole prior to this incident. Further, Respondent did not have maintenance records for County Route 41 near the time of this incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapmanv. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the hole which Claimants’ vehicle struck and that it presented a hazard to the traveling public. The size of the hole and its location on the travel portion of the road lead the Court to conclude that Respondent had notice of this hazardous condition. Thus, there is sufficient evidence of negligence upon which to base an award. Notwithstanding the negligence of the Respondent, the Court is also of the opinion that the driver was negligent since she was aware that there were holes in the road and failed to further reduce her speed in accordance with the road conditions. In a comparative negligence jurisdiction such as West Virginia, the driver’s negligence may reduce or bar recovery in a claim. Based on the above, the Court finds that the driver’s negligence equals fifteen-percent (15%) ofthe Claimants’ loss. Since the negligence of the driver is not greater than or equal to the negligence of the Respondent, Claimants may recover eighty-five percent (85%) of their insurance deductible.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the Claimants in the amount of $425.00.
Award of $425.00.